IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

```
_____
                               )
MICHAEL V. MOTISE,             )
                               )
            Plaintiff,         )
                               )
v.                             )      Civil Action No. 04-1494
                               )
AMERICA ONLINE, INC.,          )
                               )
            Defendant.         )
_____)
```

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant's Motion to for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff is an individual who currently resides in Mahopac Falls, New York. Defendant corporation provides internet service access to customers throughout the world. Plaintiff originally filed this suit in the Southern District of New York, but on Defendant's Motion the Southern District transferred the case to the Eastern District of Virginia pursuant to a forum selection clause in the America Online Member Agreement ("Member Agreement").

In the Amended Complaint, Plaintiff alleges that on March 18, 2002 he signed onto his step-father's America Online ("AOL") account. Plaintiff alleges that sometime after he signed onto AOL Defendant released his anonymous screen name, "aaa12465," along with "other unknown logistical information," to an unknown third

party. Plaintiff alleges that using his screen name and other logistical information the third party was able to publish intimate details about Plaintiff on a listserve. Defendant has filed the instant Motion for Judgment on the Pleadings asking the Court to dismiss Plaintiff's Amended Complaint because it fails to state a claim upon which relief can be granted.

A defense of failure to state a claim upon which relief can be granted may be made by a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(h)(2). A party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). Because Defendant's Answer had been filed, the pleadings were closed at the time of this Motion. If failure to state a claim is asserted in a 12(c) motion, the court will apply the same standards for granting the appropriate relief or denying the motion as it would have employed had the motion been brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1367 (3d ed. 2004).

Accordingly, Defendant's motion should only be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain

that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Id. While the Court must consider the facts in the light most favorable to the plaintiff, unreasonable conclusions without factual support, unwarranted inferences, and arguments are insufficient to state a claim upon which relief can be granted. Id.

In Counts I, II, and III, Plaintiff alleges that Defendant's act of releasing his AOL screen name to an unknown third party constitutes publication of private facts, intrusion upon Plaintiff's private life, and misappropriation of name or likeness. These three counts were filed as common law invasion of privacy claims under the law of the Commonwealth of Pennsylvania, where Plaintiff resided at the time of the alleged release of information. For the following reasons, however, the Court finds that Virginia law applies to Counts I through IV.

Generally, a district court applies the conflict of laws provisions of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 497 (1941). Where, however, a case is transferred pursuant to 28 U.S.C. § 1404(a) from one district in which venue is appropriate to another, more convenient venue, "the transferee district court must be obligated to apply the state law that would have been applied if there had been no change in venue." Van Dusen v. Barrack, 376 U.S. 612, 639 (1964). If instead a court transfers a case from an improper venue to a

proper one, pursuant to 28 U.S.C. § 1406(a), the district court receiving the case "must apply the law of the state in which it is held rather than the law of the transferor district court." Myelle v. Am. Cyanamid Co., 57 F.3d 411, 413 (4th Cir. 1995). The District Court for the Southern District of New York transferred this case pursuant to 28 U.S.C. § 1404(a). Accordingly, the New York conflict of laws doctrine, rather than the Virginia doctrine, applies to determine which choice of law applies to Plaintiff's claims.

When it decided the issue of proper forum in this case, the the district court for the Southern District of New York applied New York law and determined that Plaintiff was contractually bound by the America Online Member Agreement as a sub-licensee. For the same reasons enumerated by the Southern District,[1] this Court also concludes that under New York law, the parties are contractually bound by the terms and conditions set forth in the Member Agreement.

Specifically, Plaintiff became a sub-licensee of the privileges and restrictions that AOL had conditionally granted to his step-father when Plaintiff signed onto his step-father's account. As a sub-licensee, Plaintiff could have no greater rights than those of his step-father. See Microsoft Corp. v.

---

[1] Motise v. Am. Online, Inc., 346 F. Supp. 2d 563, 566 (S.D.N.Y. 2004).

4

Harmony Computers & Elecs., 846 F. Supp. 208, 213 (E.D.N.Y. 1994).("To the extent that defendants brought their Microsoft Products from authorized Microsoft licensees, they were subject to the same licensing restrictions under which those licensees operated."); see also In re Law Book Co., 267 N.Y.S. 169, 170 (N.Y. App. Div. 1933) ("[T]he assignee stands in the shoes of the assignor."). Just as Plaintiff's step-father had expressly agreed to and was bound by Defendant's Member Agreement, Plaintiff is also bound by the language in the Member Agreement.

The America Online Member Agreement states that "[b]y registering for AOL membership or using AOL services and products, you agree to be bound by this Member Agreement." The Member Agreement also has a choice-of-law provision that states that "[t]he laws of the Commonwealth of Virginia, excluding its conflicts-of-law rules, govern this Agreement and your membership." The Member Agreement further provides that "[t]he laws of the Commonwealth of Virginia, excluding its conflicts-of-law rules, govern this Member Agreement and your membership." Under the New York conflict of laws doctrine, a contractual choice of law provision is generally determinative unless the jurisdiction whose law is to be applied has no reasonable relation to the agreement at issue or enforcement of the provision would violate public policy. E. Artificial Insemination Coop. v. La Bare, 619 N.Y.S.2d 858, 859 (N.Y. App. Div. 1994).

5

Since Defendant is headquartered in Virginia and its employees, servers and other equipment are located in Virginia, the Court finds that there is a reasonable relation between the choice of law jurisdiction and the choice of law provision in the Member Agreement. Finally, the Court finds that the choice of law provision does not violate New York's public policy. Accordingly, the Court must apply the laws of the Commonwealth of Virginia to these invasion of privacy claims.

Virginia does not recognize a civil cause of action for invasion of privacy, other than that specifically conferred by Section 8.01-40 of the Code of Virginia. <u>WJLA-TV v. Levin</u>, 264 Va. 140, 160 n.5 (2002). Section 8.01-40 provides a cause of action for the unauthorized use of a name or picture of any person. More specifically, the Code states:

> Any person whose name, portrait, or picture is used without having first obtained the written consent of such person . . . for advertising purposes or for the purposes of trade, such persons may maintain a suit in equity against the person, firm, or corporation so using such person's name, portrait, or picture to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use. And if the defendant shall have knowingly used such person's name, portrait or picture in such manner as is forbidden or declared to be unlawful by this chapter, the jury, in its discretion, may award exemplary damages.

Va. Code Ann. § 8.01-40 (2000).[2]

---

[2] Because Section 8.01-40 of the Code of Virginia is substantially similar to Section 51 of the New York Civil Rights

Plaintiff alleges that "an employee of AOL, Inc. deliberately released the confidential screen name 'aaa12465' on the listserve and that employee most likely released other logistical information." Plaintiff does not allege that Defendant released his actual name, portrait, or picture. Instead, Plaintiff alleges that Defendant released what amounts to a pen name or fictitious nickname. Courts have repeatedly dismissed claims premised upon the use of fictitious names. E.g., Cerasani v. Sony Corp., 991 F. Supp. 343, 356 (S.D.N.Y. 1998). Because there are no allegations that Defendant released Plaintiff's real name, portrait, or picture, Plaintiff has failed to state a claim under Section 8.01-40.

Additionally, Plaintiff has not stated a cause of action under Section 8.01-40 because the Amended Complaint does not allege that Defendant released his information for advertising purposes or for the purposes of trade. In his Opposition Brief, Plaintiff contends that since Defendant does a significant amount of advertising in general, that every piece of information that they release, therefore, promotes their company and should be construed as advertising or trade. Under Virginia law, however, the name must be "distributed for use in, or as part of, an

---

Law, the United States Court of Appeals for the Fourth Circuit has looked to the New York courts for guidance in construing the Virginia privacy statute. Falwell v. Flynt, 797 F.2d 1270, 1278 (4th Cir. 1986), rev'd on other grounds, 485 U.S. 46 (1988).

advertisement or solicitation for patronage of a particular product or service." Town & Country Props., Inc. v. Riggins, 249 Va. 387, 395 (1995). In other words, Plaintiff must allege that Defendant used his name specifically for the purpose of advertising or solicitation for patronage of a product, and Plaintiff must provide some facts that support such a theory. Accordingly, Counts I, II, and III should be dismissed because they fail to state a claim.

In Count IV, Plaintiff seeks to recover damages for intentional infliction of emotional distress because Defendant released his screen name to an unknown third party. In order to state a claim for intentional infliction of emotional distress, Plaintiff must allege that "(1) the wrongdoer's conduct is intentional or reckless; (2) the conduct is outrageous and intolerable; (3) the alleged wrongful conduct and emotional distress are causally connected; and (4) the distress is severe." Russo v. White, 241 Va. 23, 26 (1991).

Plaintiff lists a number of severe conditions that he claims resulted; however, Plaintiff has not alleged that Defendant acted with the specific purpose of inflicting emotional distress upon him, or that Defendant's conduct was outrageous or intolerable. To show that a defendant's conduct is intentional or reckless, a plaintiff must allege that defendant took action "for the specific purpose of inflicting emotional distress upon [him] or

8

that [the defendant] intended [its] specific conduct and knew or should have known that emotional distress would likely result." Ely v. Whitlock, 238 Va. 670, 677 (1989). There are no allegations in the Amended Complaint that Defendant was aware of any implications with a third party or that Defendant should have known of the possibility that Plaintiff might suffer emotional distress.

The second element of an intentional infliction of emotional distress claim requires a plaintiff to allege conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Russo, 241 Va. at 27. Plaintiff's allegation that Defendant released his screen name does not rise to this level. Internet service providers frequently make email addresses and screen names available to the public through online directories, similar to phone books. Such an action, even if unauthorized by the customer, cannot be considered outrageous, utterly intolerable, and beyond all bounds of decency. For these reasons, Plaintiff has failed to state a claim for intentional infliction of emotional distress.

Finally, in Count V, Plaintiff seeks to hold Defendant liable for the unlawful disclosure and/or use of a communication by a nongovernmental defendant, pursuant to 18 U.S.C. § 2520.

Section 2511 of the Electronic Communications Privacy Act provides that

> any person who (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication; (b) intentioanlly uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication . . . ; [or] (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication

faces civil liability. 18 U.S.C. § 2511 (2000). Plaintiff does not allege that Defendant intentionally intercepted, used, or disclosed the contents of Plaintiff's communications. Plaintiff alleges that an unknown third party intercepted, used, and disclosed the contents of Plaintiff's communications and that Defendant's actions somehow enabled the third party to do so. The Electronic Communications Privacy Act does not recognize a cause of action for aiding and abetting a primary violator, and the Act does not create any secondary liability on the part of the service provider. As he does not allege that Defendant intercepted, used or disclosed his communications, Plaintiff has failed to state a claim under the Electronic Communications Privacy Act.

    An appropriate Order shall issue.

/s/

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 24, 2005